UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kimberly Morrow,

    Plaintiff,

v.                                                        Honorable Sean F. Cox

L & L Products, Inc.,                    Case No. 11-15589

    Defendant.

_____/

## ORDER DENYING
## DEFENDANT'S MOTION FOR RECONSIDERATION

Plaintiff Kimberly Morrow ("Plaintiff") filed this action against her former employer, L & L Products, Inc. ("Defendant"), asserting claims regarding alleged unequal wages under the Equal Pay Act and Title VII, and asserting gender discrimination and retaliation claims under Title VII. The matter came before the Court on Defendant's Motion for Summary Judgment. In an Opinion & Order issued on May 14, 2013, this Court granted the motion in part and denied it in part. This Court granted summary judgment in favor of Defendant as to Plaintiff's wage claims. This Court denied the motion in all other respects, ruling that after applying the more lenient standard that applies to mixed-motive claims, Plaintiff's Title VII gender discrimination and retaliation claims must proceed to a jury trial. On May 28, 2013, Defendant filed a Motion for Reconsideration. (Docket Entry No. 36).

Local Rule 7.1 of the Local Rules of the Eastern District of Michigan governs motions for reconsideration and provides:

1

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan, Local Criminal Rule 7.1(h)(3).

Defendant's Motion for Reconsideration raises two arguments, both of which the Court finds without merit.

Defendant argues that the Court erred in not granting summary judgment in its favor as to Plaintiff's mixed-motive retaliation claim because "[m]ixed-motive retaliation claims do not exist under Title VII." (Def.'s Br. at 4). Defendant, however, did not seek summary judgment on that ground in its Motion for Summary Judgment.

A motion for reconsideration "is not properly used as a vehicle to" "advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Schools,* 298 F.Supp.2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998)); *see also, Scottsdale Insur. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration."); *Hamilton v. Gansheimer*, 536 F.Supp.2d 825, 842 (N.D. Ohio 2008) ("Courts should not reconsider prior decision where the motion for reconsideration either renews arguments already considered or proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue"). Defendant has offered no explanation as to why it raised this ground for relief for the first time in its Motion for Reconsideration.

Moreover, having considered this ground for relief now, the Court declines to rule in Defendant's favor. As Defendant's own motion acknowledges, there is a circuit split as to whether mixed-motive retaliation claims exist and the Sixth Circuit has not addressed the issue.

Defendant also asserts that the Court erred in not granting summary judgment in its favor as to Plaintiff's mixed-motive retaliation claim because "establishing the presence of a similarly situated employee who was treated differently for engaging in the same conduct is an element of the prima facie case" and "Plaintiff failed in that burden here, because she has not presented admissible evidence establishing that Ms. Hurst was similarly situated to her." (Def.'s Br. at 3).

Defendant's argument ignores the fact that Plaintiff's claim is a mixed-motive claim and, therefore, Plaintiff is not required to establish a prima facie case in order to survive summary judgment. As explained in this Court's May 14, 2013 Opinion & Order, in *White*, the Sixth Circuit held that the *McDonnell Douglas* burden shifting framework *does not* apply to mixed-motive Title VI claims. *White*, 533 F.3d at 400. It also held that a plaintiff's "burden of producing some evidence in support of a mixed-motive claim is not onerous and should preclude sending the case to the jury only where the record is devoid of evidence that could reasonably be construed to support the plaintiff's claim." *Id*. at 400. This Court continues to believe that this is not a situation where "the record is devoid of evidence that could reasonably be construed to support the plaintiff's claim." *Id.* at 400.

Accordingly, IT IS ORDERED that Defendant's Motion for Reconsideration (Docket

Entry No. 36) is DENIED.

    IT IS SO ORDERED.

                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: May 28, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 28, 2013, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy
                                        Case Manager